**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LEE PORTER SLOAN,** *et al.*, ) | **CASE NO. 4:06CV0339** |
| ) | |
|     **PLAINTIFFS,** ) | |
| ) | |
| v. ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **MILDRED F. STILES,** ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|     **DEFENDANT.** ) | |
| ) | |

On February 13, 2006, this Court ordered Plaintiffs to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction. (Dkt. #4). Plaintiffs filed a Response on February 20, 2006. (Dkt. #6). For the reasons discussed below, this action is **DISMISSED** for lack of subject matter jurisdiction.

**I.    FACTUAL BACKGROUND**

On September 17, 1991, Ruth Gaeta executed a Last Will and Testament ("Will") and the Ruth L. Gaeta Revocable Trust ("Trust"). (Dkt. #1, Compl. ¶ 9). The Trust named Ruth Gaeta's three sisters, Virginia Porter, Natalie Spillane, and Defendant Mildred Stiles ("Stiles") as Co-Trustees. Ruth Gaeta died on November 10, 2000. (Compl. ¶ 10). Stiles was the sole living trustee at the time of Gaeta's death. (Compl. ¶ 11). Plaintiff Lee Porter Sloan ("Sloan") is the daughter of Virginia Porter and successor Co-Trustee of the Trust.

Plaintiff Marilyn Gilmore ("Gilmore") is the daughter of Natalie Spillane and successor Co-Trustee of the Trust.

On January 3, 2001, a Petition for Probate of a Will was filed with the Suffolk County Probate and Family Court Division of the Massachusetts Trial Court ("Probate Court"). (Dkt. #6). According to the Will's terms, the Probate Court appointed Stiles as Executrix of Ruth Gaeta's Estate ("Estate"). (Compl. ¶ 16). On June 13, 2001, Sloan filed a Petition in the Probate Court seeking removal of Stiles as Executrix ("Petition"). (Compl. ¶ 17). Stiles then entered into a settlement agreement with Sloan and the other contingent beneficiaries[1] of the Trust. In the settlement agreement, Sloan and the beneficiaries agreed to dismiss the Petition in consideration for Stiles making the final distributions of the Estate. (Compl. ¶ 17).

Stiles did not comply with the settlement agreement. (Compl. ¶ 18). Sloan and the contingent beneficiaries then filed a motion with the Probate Court seeking to enforce the settlement agreement. Id. The record is unclear as to the disposition of said motion.

On November 30, 2004, Stiles filed a First and Final Account with the Probate Court, indicating that $120,487.50 was distributed to the Trust. (Compl. ¶ 19). Stiles established a bank account at the Bank One branch in Warren, Ohio, to hold the trust funds ("Trust Account"). The account was issued in the name of "Estate of Ruth Gaeta, Mildred F. Stiles,

---

[1] The contingent beneficiaries include Claire Porter von Grimmenstein, daughter of Virginia Porter, and Marilyn Gilmore, Nancy Castellon, and Cheryl Bachner, daughters of Natalie Spillane.

Exec." Stiles did not disclose any other bank accounts for the Trust. It is here that the present dispute arose.

Consequently, Sloan and the contingent beneficiaries filed another Petition with the Probate Court, seeking that Stiles be allowed to resign as Trustee and that Sloan and Gilmore be appointed as successor co-Trustees. (Compl. ¶¶ 21-22). In an order dated May 5, 2005,[2] the Probate Court afforded Stiles the opportunity to resign as Trustee, and Sloan and Gilmore to be appointed as successor co-Trustees. (Compl. ¶ 23).

According to the Complaint, in October 2005 the balance in the Trust Account was approximately $42,000. (Compl. ¶ 24). On October 13, 2005, counsel for Gilmore and Sloan requested that Stiles transfer the money in the Trust Account to Plaintiffs. (Compl. ¶ 25). To date, no such transfer has occurred. (Compl. ¶ 26).

The Plaintiffs now contend that Stiles has "inappropriately disposed of and concealed the Trust assets." (Compl. ¶ 28). Bank One has frozen the Trust Account. (Dkt. #3).[3]

The Plaintiffs thereafter filed the instant action. Specifically, the Complaint alleges

---

[2] For reasons unclear in the record, the Probate Court did not enter this order until October 11, 2005.

[3] A review of the Trust Account records submitted with the Plaintiffs' Motion for Prejudgment Attachment reveals that payments have been deducted from the Trust Account in contravention of the Trust's provisions. The Trust provided that the trustees pay Ruth Gaeta's sister-in-law, Dorothy Gaeta Wadsworth, the net income of the Trust, up to $7,500.00 per year, until Ms. Wadsworth's death. The payments to Ms. Wadsworth are the only expressly authorized distributions from the Trust until Ms. Wadsworth's death. Ms. Wadsworth is still living. (Dkt. #3). Ms. Wadsworth has allegedly not received any payments from the Trust in over a year. (Compl. ¶ 29). However, numerous checks have been drawn on the account, as well as electronic payments to Sprint and Nextel. (Compl. ¶ 31).

breach of trust, breach of fiduciary duty, breach of duty of loyalty, negligence, conversion, and unjust enrichment. (Compl. ¶¶ 32-67). The Plaintiffs seek compensatory and punitive damages in excess of $75,000. Additionally, Plaintiffs request an accounting of the books and records of the Trust and Trust Account. (Compl. ¶ 67). The instant matter ensued.

## II. LAW AND ANALYSIS

*Subject Matter Jurisdiction*

Federal courts possess original jurisdiction over suits between citizens of different States when the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332 (a)(1). It is undisputed that Plaintiffs are citizens of Indiana and Massachusetts, respectively, and that Defendant Stiles is a citizen of Ohio. It is further undisputed that the amount in controversy exceeds $75,000.

Notwithstanding the Court's apparent diversity jurisdiction, it is well-established that federal courts lack subject matter jurisdiction to hear and resolve probate matters. Markham v. Allen, 326 U.S. 490, 494 (1946). Not all claims that relate to probate, however, are excluded from the federal courts' jurisdiction. The Markham Court explicitly stated:

> Federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

Id. (internal quotations and citations omitted).

As a preliminary matter, the United States Court of Appeals for the Sixth Circuit repeatedly has recognized that the federal courts lack subject matter jurisdiction over

cases where the plaintiff alleges a breach of fiduciary duties against the executor of an estate. See Bedo v. McGuire, 767 F.2d 305 (6th Cir. 1985); Starr v. Rupp, 421F.2d 999 (6th Cir. 1970).

In Starr, 421 F.2d 999, a beneficiary to the decedent's will initially brought suit in the district court against the executor for misadministration of the estate. Id. at 1001. The district court dismissed the action for lack of subject matter jurisdiction, resting its determination on a refusal to disturb the ongoing proceedings in an Ohio probate court. Id.

The beneficiary thereafter filed a petition in the Ohio probate court and filed multiple exceptions to the executor's filings. Id. at 1001-02. The probate court denied the petition in full and overruled the exceptions. Id. at 1003. The beneficiary appealed, and the appellate court affirmed. Id. The beneficiary again filed suit in the district court alleging a breach of the executor's duties. Id. The district court denied the claim on res judicata grounds. Id. On appeal, the Sixth Circuit reasoned that the district court lacked subject matter jurisdiction to reach the issue of res judicata. Id. The court stated:

> Under Ohio law, jurisdiction of this type of action involving an alleged breach of fiduciary duties is lodged in the Probate Court in a quasi in rem proceeding for accounting and surcharging the executor with the losses to the estate resulting therefrom. The cause of action relating to other defendants in this case is based on the fact that Rupp allegedly breached his fiduciary duties. In order to fix their liability, it would be necessary first to determine whether Rupp mishandled the estate, which is a question for the Probate Court and not for a Federal Court to decide.

Starr, 412 F.2d at 1007.[4]

Similar to the beneficiary in Starr, the Plaintiffs now invoke this Court's diversity jurisdiction and re-characterize their claim as one for breach of fiduciary duty, breach of duty of loyalty, negligence, conversion, unjust enrichment, and accounting against Defendant Stiles. Starr firmly establishes that the Court lacks subject matter jurisdiction over such a claim:

> In order to grant the relief prayed for by the plaintiffs, it would be necessary for this Court to impose personal liability on Rupp for the losses to the decedent's estate, resulting from the alleged breach of his fiduciary duties and his failure to account for assets of the estate coming into his possession as executor.

Starr, 421 F.2d 1003.

As in Starr, the Plaintiffs' claims arise from Stiles' conduct while Executrix of the Estate. Though Plaintiffs attempt to construe their action as "pursuing contractual and tortious claims against Ms. Stiles arising from her actions as Trustee, not as Executrix" (Dkt. #6), a review of the Complaint reveals otherwise. The Complaint stems from Stiles' actions as Executrix of the Estate's assets and her non-compliance with the parties' settlement agreement. The funds distributed to the Trust Account were a distribution of the Estate and a result of Stiles' position as Executrix. (Compl. ¶¶ 19-20).[5] Plaintiffs'

---

[4] Ohio Revised Code section 2101.24 (a)(1)(c) vests exclusive jurisdiction with the probate court "[t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." OHIO REV. CODE. ANN § 2101.24 (2005).

[5] Similarly, the instant matter can be distinguished from Barnes v. Brandup, 506 F. Supp. 396 (SDNY 1981). There, the court held that the probate exception did not

claims against Stiles arise directly from this distribution of the Estate.

Assuming *arguendo* that the Court was willing to accept the Plaintiffs' invitation to construe the claims as arising from Stiles' conduct as trustee, such a construction does not salvage the Complaint from the probate exception to diversity jurisdiction. Federal jurisdiction does not extend to claims requiring (1) interference with probate proceedings, (2) assumption of general jurisdiction over probate, or (3) assumption of control over property in the custody of a state court. Evans v. Pearson Enterprises, Inc., 434, F.3d 839, 847 (6th Cir.2006) (citing Markham, 326 U.S. at 494). Here, the Complaint requires that this Court interfere with probate proceedings. Specifically, the Plaintiffs first petitioned the Probate Court seeking removal of Stiles as Executrix of the Estate. Plaintiffs later filed a motion with the Probate Court to enforce the settlement agreement whereby Stiles agreed to make the final distributions of the Estate. Plaintiffs thereafter filed a second petition with the Probate Court, this time requesting the removal of Stiles as Trustee of the Trust.

Plaintiffs, in essence, now seek to enforce the order of the Probate Court permitting Stiles to resign as Trustee. While Plaintiffs contend that "there is no substantive motion or proceeding currently pending before the Probate Court" (Dkt. #6), the Sixth Circuit explicitly eliminated any distinction between ongoing and completed probate proceedings.

---

apply to the plaintiff's suit for breach of fiduciary duty and mismanagement of trust where the estate in question was settled over thirty years prior. The court's decision relied heavily on the fact that the probate court would not have been able to exercise jurisdiction over all of plaintiff's claims.

See <u>Bedo</u>, 767 F.2d at 306-07 (affirming the district court's dismissal for lack of subject matter jurisdiction where the parties brought claims against the executrix for irregularities discovered after the probate proceedings had closed). The Order of the Probate Court directs Stiles "be permitted" to resign as Trustee. Indeed, the Probate Judge specifically crossed out the words "and be removed" on the Probate Court's decree. According to the Probate Court's Order, Stiles is still the named Trustee. The parties, therefore, are still subject to the Order and jurisdiction of the Probate Court.

In their Response to this Court's show cause order, Plaintiffs assert that their Motion for Prejudgment Attachment (Dkt. #3) "sought the attachment of Ms. Stiles' personal bank account – <u>not</u> the trust account." (emphasis in original).[6] Plaintiffs action does not seek to subject Stiles' general assets to execution as in a traditional in personam action. Rather, the property that is the subject of this litigation are the funds from the Trust Account, which originated from the Estate, and which Stiles misappropriated in her capacity as Executrix.

Plaintiffs rely on <u>Evans</u> in support of their contention that "this case does not concern property already in the control of a state court." (Dkt. #6). In <u>Evans</u>, however,

---

[6] In their motion for prejudgment attachment, Plaintiffs do not provide an account number for the "Bank Account" where they assume Stiles placed the funds from the Trust Account. Rather, they merely assert that "[u]pon information and belief Ms. Tiles has the Bank Account with Bank One at the West Market Street, Warren, Ohio branch office and is using the account for personal use" and that "upon information and belief, Ms. Stiles has over $100,000 in the Bank Account." (Dkt. #3). Nonetheless, the funds at issue in this action originated from a distribution of the Estate.

the plaintiff's claim involved "only an action in personam regarding [the plaintiff's] revocable trust, an inter vivos trust that is unrelated to any probate proceedings." Evans, 434 F.3d at 847. The Evans trust can be distinguished from the Trust in the case *sub judice*. The trust there concerned business transactions and stock that were not tied to any probate proceeding. Id. Furthermore, in taking into account the federal courts' application of the probate exception, the Sixth Circuit found that:

> Although it is true that federal courts have properly applied the probate exception to claims concerning trusts that act as will substitutes, the revocable trust in this case is not a will substitute. Refusing to hear cases regarding will substitutes is consistent with Markham because adjudication concerning will substitutes would frequently interfere with probate administration . . . Evans' claim does not involve any death or estate management . . . The circumstances surrounding the revocable trust do not impinge the concerns of a trust acting as a will substitute, and there is no justification, therefore, for the federal courts to invoke the probate exception to avoid hearing her claim for breach of revocable trust.

Evans, 434 F.3d at 849. Other circuits have held that "[t]he probate exception applies not only to contested wills, but also to trusts that direct a post mortem disposition of the trustor's property." Furthermore, "[a]n inter vivos trust which disposes of property upon the death of the settlor is a recognized will substitute." In re Marshall, 392 F.3d 1118, 1135 (9th Cir.2004).

As the subject matter of this case is so intertwined with the mismanagement of an Estate, proper jurisdiction lies with the Probate Court, which is better suited to hear such matters. Plaintiffs have not shown that the Probate Court cannot provide the remedy they seek in this matter.

## III. CONCLUSION

Accordingly, the Court hereby orders this case **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

        **/s/ Peter C. Economus - March 27, 2006**
        **PETER C. ECONOMUS**
        **UNITED STATES DISTRICT JUDGE**